KLEIMEN PRESS AND LILLIAN PRESS, PLAINTIFFS-RESPONDENTS, v. ANNA KLINK, DEFENDANT-APPELLANT.

Argued May 8, 1935—Decided September 10, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Hugo Woerner*.

For the respondent, *Louis K. Press*.

The opinion of the court was delivered by

HEHER, J. The specifications here do not point out a valid ground of appeal. "The mere assertion that there was error in giving judgment to one party rather than to another is not sufficient. * * * Grounds of appeal must point out error in the proceedings below, or they will not be considered." *Eckert* v. *Nazzaro*, 109 *N. J. L.* 136; *Caspert* v. *Empire Furniture Co.*, 114 *Id.* 546; *Casale* v. *Public Service Electric and Gas Co.*, 13 *N. J. Mis. R.* 266; *Kosick* v. *Standard Properties, Ibid.* 219; *Miller* v. *Newark Hardware Co.*, 112 *N. J.*

L. 300; *Greenblatt Coal Co.* v. *Jacobs,* 12 *N. J. Mis. R.* 175; *Cohn* v. *Passaic National Bank and Trust Co.,* 109 *N. J. L.* 449; *Golden Realty Co.* v. *Grant Building and Loan Association, Ibid.* 129; *Klein* v. *Shryer,* 106 *Id.* 432; *Warren* v. *Finn,* 84 *Id.* 206; *Tapscott* v. *McVey,* 83 *Id.* 747; *Pratt* v. *Union National Bank,* 81 *Id.* 588; *Hauser* v. *Squire, Ibid.* 287; *Simmons Pipe Bending Works* v. *Seymour,* 80 *Id.* 465.

And, by the same token, a specification cast in the form of a mere statement of a legal theory or proposition, or of a fact, is deficient, in that no judicial action is assigned as error. Paragraph 213 (a) of the act creating District Courts and regulating the practice therein (2 *Comp. Stat., p.* 2016, as amended by chapter 77 of the laws of 1934, *Pamph. L.* 1934, *p.* 201), permits of a review only of questions of law made the subject of a ruling in the District Court. It limits the questions reviewable to "the determination or direction of such District Court, *in point of law* or upon the admission or rejection of evidence." *Biczis* v. *Public Service Co-ordinated Transport,* 115 *N. J. L.* 407; *Sentliffer* v. *Jacobs,* 84 *Id.* 128.

The bare statement of the second specification, that on a given day "the court entered judgment in favor of plaintiffs and against defendant" for a specified sum, and that, on a later day, "the docket read 'above judgment inadvertently entered,' and the court entered judgment in favor of the plaintiffs," for a greater sum, without more, approaches no nearer to compliance with the spirit and reason of the statutory rule than the third specification that judgment was erroneously entered for "plaintiffs instead of the defendant." And the same vice inheres in the first, alleging error in the determination "that plaintiffs were entitled to the unearned premium from the date" of the delivery of the deed. This merely embodies the third specification in another form. It obviously does not specify error in a matter of law.

Inasmuch as the judgment cannot be reversed on any ground specified, it will be affirmed, with costs. *Champlin* v. *Barthold,* 82 *N. J. L.* 13.